NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ALBERTO GUZMAN-DELACRUZ, AKA Edgar Alberto De La Cruz, AKA Edgar Alberto Guzman,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 17-70087<br><br>Agency No. A088-721-411<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019**
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and ROSENTHAL,***
District Judge.

Edgar Alberto Guzman-Delacruz, a native and citizen of Mexico, petitions

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of Guzman-Delacruz's motion to suppress and terminate removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review *de novo* the denial of a motion to suppress and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition.

Guzman-Delacruz argues that the BIA erred in denying his motion to suppress and terminate the removal proceedings because the evidence the Government submitted to prove his alienage was the product of a stop and arrest that violated the Fourth Amendment. Guzman-Delacruz alleges that he was driving to work on the morning of January 16, 2014, when a Customs and Border Protection agent stopped Guzman-Delacruz's vehicle without any cause. After arresting him and taking him into custody, the Government located its records from a 2009 immigration proceeding involving Guzman-Delacruz, including a Form I-213 "Record of Deportable/Inadmissible Alien" showing that he was not lawfully present in the United States.

The IJ and BIA did not err in denying Guzman-Delacruz's motion to suppress, even assuming that his stop and arrest violated the Fourth Amendment. Guzman-Delacruz alleges that the Government located the documents from his 2009 immigration proceedings by using evidence of his identity, including his

2

fingerprints, obtained after his arrest.  But the identity of an individual who is in immigration proceedings is not suppressible, even if it came to be known through an egregious constitutional violation.  *See United States v. Del Toro Gudino*, 376 F.3d 997, 1001 (9th Cir. 2004).  And "there is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence" of alienage.  *Id.* (quoting *United States v. Orozco-Rico*, 589 F.2d 433, 435 (9th Cir. 1978)).  The evidence of Guzman-Delacruz's alienage from his 2009 proceedings was not suppressible.

We also reject Guzman-Delacruz's contention that the IJ and BIA erred in admitting his 2009 Form I-213 into evidence without allowing him to cross-examine the immigration officer who prepared it.  "The sole test for admission of evidence [in removal proceedings] is whether the evidence is probative and its admission is fundamentally fair."  *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).  Here, the Form I-213 was probative as to Guzman-Delacruz's immigration status, and he cited no evidence "cast[ing] doubt upon its reliability" or suggesting its admission would be fundamentally unfair.  He accordingly failed to meet his burden of establishing his entitlement to cross-examine the Form's preparer or its inadmissibility.  *Id.* at 311.

**PETITION DENIED.**

3